UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER DAVIS, SR.,

    Plaintiff,                                            Civil Action No. 16-CV-13852

vs.

                                                          HON. BERNARD A. FRIEDMAN

CITY OF WARREN, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT
## CITY OF WARREN'S MOTION FOR SUMMARY JUDGMENT

        This matter is presently before the Court on the motion of defendant City of Warren for summary judgment [docket entry 31]. Plaintiff has not responded, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

        This is a police misconduct action. Plaintiff alleges that on January 23, 2014, he "was interrogated, chased, and arrested without probable cause, and taken into [] custody" by City of Warren police officers. Compl. ¶ 7. While plaintiff was in custody, the officers allegedly "without reason or provocation, physically attacked Plaintiff, by punching, kicking, and/or otherwise using improper, unjustified, and excessive force and violence against Plaintiff." *Id.* ¶ 8. In addition to suing the officers for violating his Fourth and Fourteenth Amendment rights, plaintiff claims that the city is liable because it "authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff." *Id.* ¶ 17.

        In its motion for summary judgment, the city argues that plaintiff has no evidence to support his allegations regarding municipal liability. In particular, defendant argues that plaintiff

has no evidence to show that the city acquiesces in the use of excessive force by its officers or that it has failed to train its officers in the proper use of force.

The law on this point is clear: "To establish deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the [City] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 573 (6th Cir. 2016) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005); alteration in original). A city "custom or policy must be the 'moving force' behind the constitutional violation, *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), so the plaintiff needs to 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.' *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993) (citation omitted)." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014).

By failing to respond to defendant's summary judgment motion, plaintiff concedes that he has no evidence to support his municipal liability claim. *See* Fed. R. Civ. P. 56(e)(2). Accordingly,

IT IS ORDERED that defendant City of Warren's motion for summary judgment is granted.

Dated: February 23, 2018        s/Bernard A. Friedman
       Detroit, Michigan        BERNARD A. FRIEDMAN
                                SENIOR UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2018.

                                        s/Johnetta M. Curry-Williams
                                        Case Manager